# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

**Alturo Beltran Beltran,**
Petitioner
-vs-
**Charles L. Ryan, et al.,**
Respondents

CV-08-0828-PHX-NVW (JRI)

**REPORT & RECOMMENDATION
On Petition for Writ of Habeas Corpus
Pursuant to 28 U.S.C. § 2254**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Buckeye, Arizona, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 26, 2008 (#13). Respondents have filed an Answer (#15) and a Supplemental Answer (#19). Petitioner did not reply, but filed a "Supplemental Reply (#24)..

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

In disposing of Petitioner's direct appeal, the Arizona Court of Appeals summarized the factual background as follows:

> Beltran, a drug dealer, was robbed by the victim, Jennifer C., on July 14, 1999. The next day Beltran sent three women to capture Jennifer and bring her back to him. The three women held Jennifer at gunpoint, bound her with duct tape, and delivered her to Beltran and two other men. The three men placed Jennifer into another vehicle and drove away. Jennifer's body was found in the desert on August 25, 1999 with

- 1 -

<blockquote>
a gunshot wound to the head, and was identified through fingerprint analysis. One witness testified that when asked what had happened to Jennifer, Beltran, indicated they had killed her.
</blockquote>

(Exhibit B, Mem. Dec. At 2.) (Exhibits to the Answer, #15, are referenced herein as "Exhibit ___.")

### B. PROCEEDINGS AT TRIAL

On October 24, 2002, Petitioner was charged in an Indictment (Exhibit A) with one count of first degree murder and one count of kidnaping. The jury convicted him on both counts, and on September 17, 2004, he was sentenced to natural life in prison without the possibility of parole for the first degree murder, and a consecutive presumptive term of 10.5 years for kidnaping. (Exhibit D, Sentence.)

### C. PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a notice of appeal, and counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), voicing an inability to find an issue for appeal. (Exhibit E.) Despite being given leave to do so, Petitioner failed to file a supplemental brief. The Arizona Court of Appeals thus undertook a review of the record for "fundamental error," and found none. (Exhibit B.) The Court issued its Memorandum Decision on October 13, 2005.

Petitioner did not seek reconsideration or further appeal, and on December 2, 2005, the Arizona Court of Appeals issued its Order and Mandate (Exhibit F).

### D. PROCEEDINGS ON POST-CONVICTION RELIEF

On November 8, 2005, Petitioner filed a Notice of Post Conviction Relief (Exhibit G). Counsel was appointed (Exhibit H, M.E. 11/17/05), and eventually filed a Notice of Completion of Review (Exhibit I), voicing an inability to find an issue for review and advising Petitioner of his right to file a *pro se* petition. On March 17, 2006, Petitioner filed his Petition for Post-Conviction Relief (Exhibit J).

That petition was a form petition with the introductory instructions:

> In order for this petition to receive consideration by the court, each applicable question must be answered fully but concisely in legible handwriting or by typing. When necessary, an answer to a particular question may be completed on the reverse die of the page or on an additional blank page.

(Exhibit J at 1.) In the section (4) for describing his basis for relief, Petitioner marked the paragraph "The unconstitutional use by the state of perjured testimony." (*Id.* at 3.) Section 5 of the form directed:

> The facts in support of the alleged (error(s)) upon which this petition is based are contained in Attachment A. [State facts clearly and fully; citations or discussions of authorities need not be included].

(*Id.*) There was no "Attachment A" submitted by Petitioner. On March 21, 2006, the state responded (Exhibit K), arguing that the failure to provide facts in support of his petition called for dismissal. Petitioner did not reply. (Exhibit R, Docket, at 2.)

On May 1, 2006, the trial court issued a minute entry that dismissed the Petition, finding that it "fails to set forth any specific basis for his allegations and his claims are not supported by affidavits, records, or other evidence as required by Rule 32.5 of the Arizona Rules of Criminal Procedure." On that basis, the court found that the petition failed to assert a "a material issue of fact or law which would entitle the Defendant's relief under Rule 32" and ordered the petition dismissed. (Exhibit L, M.E. filed 5/10/06.)

Petitioner then filed a petition for review (Exhibit M), arguing that PCR counsel was ineffective, and that as a result of that ineffectiveness and Petitioner's lack of understanding of English and lack of a translator, he had been denied due process. Petitioner requested a remand for a new PCR proceeding or a new trial. On June 19, 2007, the Arizona Court of Appeals summarily denied review.

Petitioner then sought review by the Arizona Supreme Court on the same issues (Exhibit O), which was summarily denied on September 10, 2007.

**E.  PRESENT FEDERAL HABEAS PROCEEDINGS**

Petitioner commenced the instant proceeding by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 30, 2008 (#1). Service was ordered

on October 27, 2008 (#7), but on November 26, 2008, Petitioner filed an Amended Petition (#13).

Petitioner's original petition asserted a single ground for relief: Petitioner's constitutional rights were violated when coerced, false, and perjured testimony was introduced by the state during Petitioner's trial. The amended petition raises the same single ground for relief, with added clarification of the dates and results of his appeal to the Arizona Court of Appeals.

On January 12, 2009, Respondents filed their Answer (#15), arguing that Petitioner's state PCR Petition was not "properly filed" and thus failed toll the running of the statute of limitations, and that it failed to fairly present his federal claims, and thus failed to properly exhaust his state remedies which are now procedurally defaulted.

**Reply** - Petitioner did not reply.

**Supplemental Answer** - On July 28, 2009, the undersigned advised the parties of a preliminary determination that the Petition is not barred by the statute of limitations, and though unexhausted, Respondents had not shown a basis for a finding of procedural default nor shown that the Petition was so devoid of merit that it should be denied rather than simply dismissed without prejudice. Respondents were granted leave to supplement their response, and Petitioner was granted leave to reply. (Order 7/28/9, #16.)

On August 11, 2009, Respondents filed their Supplemental Answer (#19), arguing that Petitioner's claims are procedurally defaulted under Arizona's preclusion bar (Ariz. R. Crim. P. 32.2) and time bar (Ariz. R. Crim. P. 32.4). Respondents further argue that Petitioner's claims are without merit because the referenced testimony was, at best, inconsistent or impeachable, and that the impeaching characteristics were presented and argued to the jury.

**Supplemental Reply** - On September 30, 2009, Petitioner filed his "Supplemental Reply" (#24). Petitioner argues that his petition should be liberally construed, he has inadequate legal assistance in prison, and he has been improperly denied discovery, and requires an evidentiary hearing to establish his claim of prosecutorial misconduct.

# III. APPLICATION OF LAW TO FACTS

## A. STATUTE OF LIMITATIONS

Respondents argue that the petition is untimely.

**Normal Running of Statute** - Congress has provided a 1-year statute of limitations for all applications for writs of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d). The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A)

Here, Petitioner's direct review ended on October 13, 2005, when the Arizona Court of Appeals denied his direct appeal. (Exhibit F.) However, "direct review" includes the period within which a petitioner can seek further review, whether or not the petitioner actually files a petition for such review. *See Bowen v. Roe*, 188 F.3d 1157, 1158 (9th Cir.1999). Petitioner had 30 days after entry of the Arizona Court of Appeals decision, or until Monday, November 14, 2005, to file a petition for review by the Arizona Supreme Court. Ariz. R. Crim. P. 31.19(a). Petitioner did not do so, and thus his conviction became final on that date.

The limitations period would have begun running thereafter, and expired on November 14, 2006, making even the original Petition (#1), filed April 30, 2008, over 17 months delinquent.

**Statutory Tolling** - Petitioner is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) for all the time that a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." Here, Petitioner commenced his state PCR proceeding on November 8, 2005, by filing his Notice of Post Conviction Relief (Exhibit G).

Respondents argue that this proceeding was not "properly filed" because it was dismissed pursuant to Ariz. R. Crim. P. 32.5 for failure to allege sufficient facts. Because both the Arizona Court of Appeals and the Arizona Supreme Court issued "postcard denials,"

the trial court's decision is the "last reasoned decision" and is the decision looked to by this Court to ascertain the nature of the state courts' rulings. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). The trial court's ruling provided in pertinent part:

> Defendant's Petition fails to set forth any specific basis for his allegations and his claims are not supported by affidavits, records or other evidence as required by Rule 32.5 of the Arizona Rules of Criminal Procedure.
> Upon reviewing the Petition and Response,
> THE COURT FINDS that there is no claim which presents a material issue of fact or law which would entitle the Defendant's relief [SIC] under Rule 32 and no purpose would be served by any further proceedings.
> IT IS ORDERED the Defendant's Petition is hereby dismissed.

(Exhibit L, M.E. 5/10/06.)

For the following reasons, the undersigned finds that this was a dismissal on the merits and not a finding that the application was not "properly filed."

First, in Arizona a post conviction relief proceeding is not commenced by the filing of the petition. Rather, the Notice of Post-Conviction Relief is the filing which commences the proceeding. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004). There is no suggestion that Petitioner's PCR Notice was not properly filed.[1]

Second, although the trial court referenced Rule 32.5, it did not dismiss pursuant to Rule 32.5. Rule 32.5 provides, in pertinent part:

> The defendant shall include every ground known to him or her for vacating, reducing, correcting or otherwise changing all judgments or sentences imposed upon him or her, and certify that he or she has done so. Facts within the defendant's personal knowledge shall be noted separately from other allegations of fact and shall be under oath. Affidavits, records, or other evidence currently available to the defendant supporting the allegations of the petition shall be attached to

---

[1] The undersigned is additionally troubled by the fact that the proceeding was allowed to continue for some time through the appointment of counsel, counsel's notice of inability to find issues for review, etc. To find that the whole proceeding was not "properly filed" months after a properly filed PCR notice, because the petitioner failed to adequately support a subsequent petition, seems to leave a trap for the defendant who finds himself left to litigate *pro se*. However, the Supreme Court has apparently concluded that the potential for such unfairness may only be mitigated by "filing a 'protective' petition in federal court and asking the federal court to stay and abey." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

- 6 -

> it. Legal and record citations and memoranda of points and authorities are required.... **A petition which fails to comply with this rule shall be returned by the court to the defendant for revision with an order specifying how the petition fails to comply with the rule.** A petition that has been revised to comply with the rule shall be returned by the defendant for refiling within 30 days after defendant's receipt of the non-complying petition. If the petition is not so returned, the court shall dismiss the proceedings with prejudice. The period for response by the state shall begin on the date a returned petition is refiled.

Ariz. R. Crim. Proc. 32.5 (emphasis added). Here, the trial court did not return the petition to Petitioner specifying its inadequacies, nor did it permit Petitioner to refile the petition within 30 days. Thus, a dismissal pursuant to Rule 32.5 would not have been authorized.

Third, in dismissing the petition, the trial court referenced the substance of Arizona Rule of Criminal Procedure 32.6(c), which provides in pertinent part:

> If the court, after identifying all precluded claims, determines that no remaining claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings, the court shall order the petition dismissed. If the court does not dismiss the petition, the court shall set a hearing within thirty days on those claims that present a material issue of fact or law.

Ariz. R. Crim. P. 32.6(c).

Thus, the discussion of Rule 32.5 was not the basis for the dismissal, but an explanation of the types of additional information Petitioner could have supplied to support his petition. The application of Rule 32.6(c) was not a rejection of the petition as procedurally barred, but simply a finding that no hearing was required for the court to dispose of the merits. *See State v. Carriger,* 132 Ariz. 301, 305, 645 P.2d 816, 820 (1982) (Rule 32.6(c) is an "exception[] to the general rule" requiring a hearing before disposing of a PCR petition).

Thus, the trial court's summary dismissal was based upon a determination of the merits of the claim, and was not a determination that the petition was not properly filed. In *Gaston v. Palmer*, the Ninth Circuit considered the effect of a similar ruling by the California Supreme Court on a state habeas petition, and concluded that the court's ruling was "in effect, the grant of a demurrer, i.e., a holding that Gaston had not pled facts with sufficient particularity." 417 F.3d 1030, 1039 (9th Cir. 2005), *modified by* 447 F.3d 1165 (2006), *cert.*

*denied*, 549 U.S. 1134 (2007). Thus, the Ninth Circuit concluded that "[w]hile Gaston's sixth application was thus procedurally deficient under California law, it was not improperly filed within the meaning of § 2244(d)(2)." *Id.* Like *Gaston*, here "[t]here is no indication that the application was time-barred, lodged in the wrong court or office, or formatted improperly." *Id.*

Therefore, the undersigned concludes that Petitioner's PCR application was "properly filed" and resulted in statutory tolling. That application remained "pending" until September 10, 2007, when the Arizona Supreme Court denied further review. (Exhibit O.) The "AEDPA statute of limitations [is] tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.' " *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir.1999)).

Thus, Petitioner's one year was tolled from before its inception, until September 10, 2007, and began running thereafter until September, 2008. Thus, Petitioner's original Petition (#1), filed April 30, 2008, was timely.

**<u>Effect of Amended Petition</u>** - However, on November 26, 2008, Petitioner filed an Amended Petition (#13). This was after the expiration of the statute of limitations. The statute of limitations is not tolled by the pendency of the federal petition. *See Duncan v. Walker*, 533 U.S. 167 (2001).

Nonetheless, as with any other pleading under Federal Rule of Civil Procedure 15(c), an amended habeas petition can relate back in time to the filing of the original petition. *Anthony v. Cambra,* 236 F.3d 568, 576 (9th Cir. 2000). Such relation back is permitted under Rule 15(c)(1)(B) if "the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out - or attempted to be set out - in the original pleading." As noted above, Petitioner's Amended Petition asserted the same claim as that set forth in his original Petition. The only change was to the recitation of the procedural history. Thus, the undersigned finds that the Amended Petition relates back in time to the filing of the original Petition, and therefore is also timely.

## B. EXHAUSTION / PROCEDURAL BAR / PROCEDURAL DEFAULT

**1. Procedural Bar by Trial Court**

Respondents also argue that Petitioner's grounds for relief must be dismissed because the underlying claims were disposed of by the trial court by the application of a procedural bar which constituted an independent and adequate state ground.

Respondents couch their discussion of this issue in terms of a failure to exhaust. However, though the distinct concepts of procedural bar and procedural default are related, only the latter results in a failure of exhaustion. A procedurally barred claim has been exhausted, but as a matter of comity, the federal courts will decline to address the merits of the claim. *See Coleman v. Thompson,* 501 U.S. 722, 729-732 (1991).

However, as discussed above, the trial court did not apply a procedural bar in disposing of Petitioner's claims. Rather, the trial court disposed of the claim on its merits.[2]

**2. Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

**a. Proper Forum/Proceeding**

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir.

---

[2] Respondents are correct that "[a] state court's application of a procedural rule is not undermined where...the state court simultaneously rejects the merits of the claim." *Bennett v. Mueller,* 322 F.3d 573, 580 (9th Cir. 2003). However, here there was no procedural bar applied, just a decision on the merits.

1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).[3]

### b. Fair Presentment

To result in exhaustion, claims must not only be presented in the proper forum, but must be "fairly presented." That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. 28 U.S.C. § 2254; *Picard v. Connor,* 404 U.S. 270, 276-277 (1971). A claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

### c. Application to Petitioner's Claim

At best, Petitioner fairly presented his claim (of prosecutorial misconduct by the presentation of perjured testimony) to the trial court in his PCR petition. However, Petitioner did not make any reference to federal law in asserting that claim. At best, the checked line on the form identified the claim as "unconstitutional use by the state of perjured testimony."

---

[3] Respondents argue (Answer, #15 at 9, n. 1) that presentation to the Arizona Supreme Court (not just the Arizona Court of Appeals) is required for exhaustion, citing *Baldwin v. v. Reese,* 541 U.S. 27, 30–33 (1999). The Ninth Circuit's subsequent reliance on *Swoopes* in *Castillo*, notwithstanding *Baldwin*, dispels this argument. Moreover, nothing in *Baldwin* precludes the reasoning in *Swoopes*. Nor does the language cited by Respondents from *State v. Ikirt*, 160 Ariz. 113, 117, 770 P.2d 1159, 1163 (1989), which predated the Arizona Supreme Court's decision in *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (Ariz.1989), on which *Swoopes* is based.

There was no indication whether the purported violation was of the state or federal constitution.

More importantly, Petitioner did not reassert this claim to the Arizona Court of Appeals. Rather, in his Petition for Review (Exhibit M), he raised new claims of: (1) ineffective assistance of PCR counsel; (2) denial of due process as a result of the failure to serve the PCR response on him, and the denial of adequate assistance in the PCR proceeding; and (3) failure of the trial court to perform its duties under Ariz. R. Crim. P. 32.6(c) to review the file, and therefore an abuse of discretion in the summary dismissal. Petitioner did not present his prosecutorial misconduct claim to the Arizona Court of Appeals, nor did he address its merits. Those same claims were repeated in his Petition for Review (Exhibit O) to the Arizona Supreme Court.

Thus, Petitioner failed to fairly present his federal claim to the Arizona Court of Appeals (and Arizona Supreme Court), and thus failed to exhaust that claim.

## 2. Procedural Default

Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue in their Supplemental Answer (#19) that Petitioner's claims are procedurally defaulted under Arizona's preclusion bar (Ariz. R. Crim. P. 32.2) and time bar (Ariz. R. Crim. P. 32.4). Because of the limited development of Arizona law on the exception to the preclusion bar for claims of "sufficient constitutional magnitude," *see Stewart v. Smith,* 536 U.S. 856 (2002), and the applicability of clear timeliness bars, the

undersigned does not reach Respondents' argument on the applicability of the preclusion bar.

**<u>Remedies by Direct Appeal</u>** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. The Arizona Rules of Criminal Procedure do not provide for a successive direct appeal. *See generally* Ariz.R.Crim.P. 31.[4] Accordingly, direct appeal is no longer available for Petitioner's unexhausted claims.

**<u>Remedies by Post-Conviction Relief</u>** - Petitioner can no longer seek review by a subsequent PCR Petition. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule).

Here, the Arizona Court of Appeals issued its Order and Mandate on December 2, 2005 (Exhibit F). Accordingly, Petitioner's time to file a PCR petition expired on January 3, 2006.

While Rule 32.4(a) does not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h), Petitioner has not asserted that any

---

[4] The undersigned has seen one case where the Arizona courts permitted a delayed second appeal under Ariz. R. Crim. P. 32.4(f) based upon the failure (but not ineffective assistance) of appellate counsel to raise a claim which had been hotly litigated in the trial court, and which turned upon a precise definition of state law (e.g. whther the intent to commit sexual assault must occur at time of original restraint to establish offense of kidnapping), and "should have been raised on the original appeal." *See Hoffert v. Schriro*, CV-08-1268-PHX-JWS (JRI), Answer #12, Exhibit Q, M.E. 3/17/03. That seems outside the scope of Rule 32.4(f)'s reference to a simple failure to file a timely "*notice* of appeal" (emphasis added). That case is apparently an aberration. Moreover, here Petitioner's current claim was not litigated at trial, nor was it founded upon a limited question of state law. Thus, the undersigned finds no reason to expect Rule 32.4(f) to be applied to Petitioner. Further, that singular aberration does not lead the undersigned to question the adequacy of Rule 31.3 to bar federal habeas review. *See Shumway v. Payne*, 223 F.3d 982, 989 (9th Cir. 2000) (singular deviation in application of Washington procedural rule did not render it inadequate); and Federal Habeas Manual § 9B:32.

of these exceptions are applicable to his equal protection claim. Nor does it appears that such exceptions in Rule 32.1 would apply to this claim. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Paragraph (f) has no application where the petitioner filed a timely notice of appeal.[5] Paragraph (g) has no application because Petitioner has not asserted a change in the law. Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims. *See State v. Swoopes*, 216 Ariz. 390, 404, 166 P.3d 945, 959 (App. 2007) (32.1(h) did not apply where petitioner had " not established that trial error ...amounts to a claim of actual innocence").

---

[5] *But see* n. 4 *infra*.

Accordingly, the undersigned must conclude that review through Arizona's post-conviction relief process is no longer possible for Petitioner's unexhausted claims.

**Summary re Procedural Default** - Petitioner has failed to exhaust his state remedies on the claim in the Petition, and is now procedurally barred from doing so. Accordingly, the claim is procedurally defaulted, and absent a showing of cause and prejudice or actual innocence, must be dismissed with prejudice.

### 3. Miscarriage of Justice

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Moreover, the standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). However, it is not sufficient that the petitioner point to some legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623(1998) ("'actual innocence' means factual innocence, not mere legal insufficiency"). Rather, a petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner makes no argument of having cause and prejudice to excuse any procedural default, nor does he proffer any showing of actual innocence.

### C. DISCOVERY AND EVIDENTIARY HEARING

In his Supplemental Reply (#24), Petitioner argues that he is entitled to discovery and

an evidentiary hearing to establish his claim of prosecutorial misconduct. Such discovery and hearing would only be relevant to establishing the merits of the claim in the Petition.

Because the undersigned concludes that Petitioner's claim is procedurally defaulted, the merits may not be reached, and accordingly there is no basis for pursing such discovery and/or an evidentiary hearing.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Amended Petition for Writ of Habeas Corpus, on November 26, 2008 (#13) be **DISMISSED WITH PREJUDICE**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: October 27, 2009

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\08-0828-013r RR 09 06 12 re HC.wpd